# UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:  Christine Heasley** | : | **Chapter 7** |
| | : | |
| | : | |
| **Debtor** | : | **Case No.:  25-12073-djb** |

## MOTION OBJECTION TO CHAPTER 7 DISCHARGE PURSUANT TO

## 11 U.S.C.  727 *et seq.*

**We Care Legal Services, PLLC,** by and through its' undersigned attorney hereby files this Motion (hereinafter referred to as the "Motion") pursuant to Section 727 of the Bankruptcy Cod and Bankruptcy Rule 9014, for entry of an order substantially in the form appended hereto as **Exhibit "A"** (hereinafter referred to as the "Order") (i) denying the discharge of the above-captioned debtor (hereinafter referred to as the "Debtor") and (ii) granting related relief,.  In support of the relief requested in the Motion, Movant respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this matter and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

## BACKGROUND

2. On May 27, 2025 (hereinafter referred to as the "Petition Date"), the Debtor filed a Voluntary Petition for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania.
3. Robert Holbert is the Trustee is the duly appointed and acting Chapter 7 Trustee (hereinafter referred to as the "Trustee").
4. The (reasons for objection)
5. By this Motion, Movant seeks the entry of an order, pursuant to Section xxx of the Bankruptcy Code and Bankruptcy Rule 4004 (d) the discharge of the Debtor.
6. Section 727 of the Bankruptcy Code provides that the Court shall grant a Chapter 7 debtor a discharge unless the debtor, relevant to the instant Motion:
   a.  (4) the debtor knowingly and fraudulently, in or in connection with the case-
       (A) Made a false oath or account;

(B) Presented or used a false claim;

(C) …; or

(D) Withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records and papers relating to debtor's property or financial affairs;

…

(6) the debtor has refused, in the case-

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

(B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or

(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify…

7. On or about December 1, 2020 and March 6, 2021, Debtor executed written contracts with Creditor whereby Creditor would provide legal services and Debtor was to compensate Creditor for said services.  See a true and accurate copy of Creditor's Complaint appended hereto as **Exhibit "B".**

8. Creditor, in good faith and at all times relevant hereto, specifically performing their duties and obligations pursuant to the terms of Exhibit "A" and the Pennsylvania Rules of Professional Conduct, rendering legally services in Creditor's best interest.

9. Debtor accepted said services.

10. Debtor received said services.

11. To date, Debtor has been unjustly enriched for the services she received without compensation to Creditor while Creditor has suffered and continues to suffer, due to their detrimental reliance upon Debtor's initial promise to compensate as stated in **Exhibit "B"** and Exhibit "A" contained in Exhibit "B", the loss of other work due to their representation of Debtor, the ongoing reaffirmations of the debt by Debtor, and Debtor's, post service of the Complaint by the Bucks County Sheriffs' Office (see **Exhibit "C",** a true and accurate copy of the Affidavit of Service provided by said Sheriffs' Office (appended hereto as Exhibit "A") promises to compensate Creditor for services rendered as well as the ongoing loss of revenue due to appreciable time and effort being expended in pursuit of an equitable resolution of the debt due to Debtor's unilateral breach of contract with Creditor.

12. Following service of the Complaint, Debtor took no action.

13. Creditor in addition to the fees', costs and expenses incurred as evidenced hereinabove, Creditor incurred the cost of having hand served Debtor with Notice of Intention to file Praecipe for Judgement by Default. See **Exhibit "D".**

14. On or about April 4, 2023, Debtor filed a *pro se* Entry of Appearance, appended hereto as **Exhibit "E"**.

15. Debtor submitted no other filings to the Court of Common Pleas of Bucks County in the relevant matter. See **Exhibit "F",** a true and accurate copy of the Bucks County Docket Sheet in the matter of <u>We Care Legal Services, PLLC v. Christine Heasley</u>, Docket Number: 2022-05517.

16. On or about April 6, 2023, judgement by default was entered in favor of Creditor and against Debtor. A true and accurate copy of said Order is appended hereto as **Exhibit "G".**

17. Rather in and/or around July 20, 2023, Debtor requested a meeting with Creditor to address the outstanding balance.

18. Creditor, as has always been ready, willing and able to do, agreed to a meeting with Debtor whereby payment of the outstanding debt was discussed.

19. Notwithstanding Debtor's acknowledgment of the judgment, reaffirmation of her obligation to pay the outstanding balance and, now apparent, misrepresentations to comply with the terms of the judgment from the Court of Common Pleas of Bucks County, continued in her disregard of her outstanding balance.

20. Notwithstanding Creditor's best efforts, Debtor did not enter into a payment plan, made no payments towards her account.

21. Creditor, as permitted by the Pennsylvania Rules of Civil Procedure, had Debtor served with post-judgment discovery.

22. Debtor disregarded said request.

23. On December 31, 2024, an Order was entered compelling Debtor's responses to post-judgement discovery. Appended hereto as **Exhibit "H"** is a true and correct copy of the December 31, 2024 Order compelling Debtor's responses.

24. To date, Debtor has continued to disregard her statutory and Court ordered obligations to tender post-judgement discovery responses to Creditor.

25. On or about May 19, 2025, Creditor filed a Praecipe for Writ of Execution. A true and accurate copy of said Praecipe for Writ of Execution is appended hereto as **Exhibit "I".**

26. Notwithstanding undersigned counsel's delivery of the aforementioned Writ of Execution to the Sheriffs' Office on May 19, 2025, service by the Sheriff did not take place until on or about June 3, 2025.

27. Creditor did not serve undersigned counsel, Creditor or file with the Bucks County Prothonotary notice of her filing the instant Bankruptcy Petition until June 6, 2025.

28. In addition to the dilatory and vexatious conduct of Debtor as stated herein above, undersigned counsel was permitted to question Debtor regarding her filings with this Honorable Court during the 341 Meeting of Creditors on or about July 23, 2025.[1]

---

[1] Simultaneously with this pleading, undersigned counsel will be respectfully requesting a transcript of the referenced examination to ensure that all discrepancies that were testified to by Debtor are presented to this

29. Pursuant to 11 U.S.C. §727 (a)(6)(A)-(C), a debtor is entitled to discharge unless "…the debtor has refused, in the case- (A) to obey any lawful order of the court, other than an Order to respond to a material question or testify; (B) on the ground of privilege against self-incrimination to respond to a material question approved by the court or to testify after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or (C) on the ground other than the properly invoked privilege against self-incrimination to respond to a material question approved by the court or to testify…"

30. In the instant matter, not only did Debtor fail to respond to post-judgment discovery requests as tendered to her on behalf of Creditor, Debtor refused to obey the Order entered December 31, 2024 compelling her responses to lawful discovery.

31. At no point relevant hereto did Debtor raise an objection to the post-judgment discovery propounded to her on the basis of privilege against self-incrimination.

32. Likewise, Debtor, at no time relevant hereto, raised an objection to the lawful post-judgment discovery on any basis let alone a properly invoked privilege against self-incrimination nor any other ground.

33. As recited hereinabove, 11 U.S.C. 727 (a)(4) states:

   a.  (4) the debtor knowingly and fraudulently, in or in connection with the case-
      (A) Made a false oath or account;
      (B) Presented or used a false claim;
      (C) …; or
      (D) Withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records and papers relating to debtor's property or financial affairs[.]

34. At the time of this Motion, undersigned counsel does not have the transcript of the 341 Creditors' Meeting available. Undersigned counsel respectfully requests the ability to amend this Motion upon receipt of the transcript should same be necessary.

35. During the 341 Creditors' Meeting which transpired on or about July 23, 2025, Debtor made the following statements with regard to her May 27, 2025 pleadings and statements contained therein:

   a.  With regard to Debtor's valuation of real estate, Debtor stated she did not know where the value she placed in her verified Bankruptcy Petition came from;

   b.  The same valuation issue is presented by Debtor's Schedule A/B as Debtor was without knowledge as to where her valuation came from;

   c.  With regard to the 2019 Dodge Charger, on page 2 of her Schedule A/B, Debtor states that the loan on the vehicle was co-signed by her. However, on page 2 of her Schedule D, Debtor stated that she was the only Debtor for said loan;

---

Honorable Court. A true and accurate copy of the email and transcript request form are appended hereto as **Exhibit "J"**.

d. With regard to Debtor's disclosure as to her electronics in Schedule A/B, Section 7, notwithstanding the examples provided in the schedule itself, failed to list cell phones in her property;

e. With regard to Debtor's disclosure as to her Deposits of Money in Schedule A/B, Section 17, Debtor failed to list her PayPal account and denied having one when, in fact, Debtor has a Paypal account registered under her name and email address (A true and accurate screenshot of the PayPal App indicating Debtor's account on said service is appended hereto as **Exhibit "K"**;

f. Notwithstanding Debtor's claim that her spouse, having recently been married without recitation of the date of nuptials, had been unemployed for approximately one year as of the date of the 341 Creditors' Meeting, Debtor listed her spouse as a "creditor" in her verified Creditor Matrix;

g. Notwithstanding Debtor's statements that she had been unemployed until approximately March 2025, the paystubs tendered by Debtor to this Honorable Court go back to January 2025; and

h. While Debtor stated that her husband had been unemployed for approximately one years, Debtor acknowledged that her husband, as an auto mechanic, engages in "side work".

36. In consideration of the foregoing, it is respectfully requested that this Honorable Court enter an Order denying Defendant's Chapter 7 discharge pursuant to 11 U.S.C. 727

## NOTICE

37. No previous request for the relief sought herein has been made to this or any other Court.

38. Movant has served copies of this Motion by U.S. mail and, where practicable, email to: . Due to the nature of the relief requested herein, Movant respectfully submits that no further notice of this Motion is required.

**WHEREFORE,** Movant respectfully requests that this Honorable Court enter an Order denying Debtor's discharge, and granting Movant such other relief as is just, equitable and appropriate.

Date:   August 24, 2025

Respectfully submitted,

**/s/ Leslie F. Ditlow, Esquire**
Leslie F. Ditlow, Esquire
Attorney ID No.:  88689
Attorney for Movant,
We Care Legal Services, PLLC
3907 Newportville Road
Newportville, PA 19056
215-594-3960
lditlow@wecarelegalpa.com

# UNITED STATES BANKRUPTCY COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:   **Christine Heasley**       :       **Chapter 7**

      :

**43 North Park Drive**       :

**Levittown, PA 19056**       :

**xxx-xx-3973**       :

      **Debtor**       :       **Case No.:  25-12073-djb**

---

## NOTICE OF OBJECTION TO DEBTOR'S CHAPTER 7 DISCHARGE

We Care Legal Services, PLLC has filed papers with the Court objecting to discharge and seeking an Order to deny same.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to deny discharge of your Chapter 7 discharge, or if you want the Court to consider your views on the Objection, then on or before _____, you or your attorney must:

File with the Court a written request for a hearing or, if the Court requires a written response, an answer, explaining your position at:

United States Bankruptcy Court
Eastern District of Pennsylvania
Clerk's Office
Robert N.C. Nix Sr. Federal Building
900 Market Street, Suite 400
Philadelphia, PA 19107

If you mail your request/response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above.

You must also send a copy to:

Leslie F. Ditlow, Esquire
We Care Legal Services, PLLC
3907 Newportville Road
Newportville, PA 19056
Attorney for Movant

Attend the hearing scheduled to be held on _____, 2025, at _____ a.m./p.m. in Courtroom _____, United States Bankruptcy Court, Easter District of Pennsylvania, Robert N.C. Nix Sr. Federal Building, 900 Market Street, Philadelphia, PA 19107.

Other steps required to oppose a motion or objection under local rule or Court Order.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion objecting to discharge and may enter an Order granting that relief.

Date:  August 22, 2025                                    Respectfully submitted,

                                                          **/s/ Leslie F. Ditlow, Esquire**

                                                          Leslie F. Ditlow, Esquire
                                                          Attorney ID No.:  88689
                                                          Attorney for Movant,
                                                          We Care Legal Services, PLLC
                                                          3907 Newportville Road
                                                          Newportville, PA 19056
                                                          215-594-3960
                                                          lditlow@wecarelegalpa.com