𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔅𝔞𝔫𝔨𝔯𝔲𝔭𝔱𝔠𝔶 ℭ𝔬𝔲𝔯𝔱
𝔈𝔞𝔰𝔱𝔢𝔯𝔫 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔓𝔢𝔫𝔫𝔰𝔶𝔩𝔳𝔞𝔫𝔦𝔞

| | |
|---|---|
| In re:<br><br>　　Christine C. Heasley,<br>　　　　　　　Debtor. | Case No. 25-12073-djb<br>Chapter 7 |

**DEBTOR'S MOTION FOR SANCTIONS
AGAINST WE CARE LEGAL SERVICES PLLC**

**AND NOW**, Debtor Christine C. Heasley, through her attorney, moves this Court for entry of an order imposing sanctions and damages against Creditor We Care Legal Services PLLC for filing frivolous litigation and violating the automatic stay. In support of this Motion, the Debtor states as follows:

**JURISDICTION**

　　1.　　The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

　　2.　　This is a core proceeding under 28 U.S.C. § 157(b)(2) and the Debtor consents to the entry of a final order by the Court.

　　3.　　Venue is proper under 28 U.S.C. § 1409.

　　4.　　The Debtor does not demand a trial by jury in this contested matter.

*[This space intentionally left blank.]*

## BACKGROUND

5. The Debtor initiated this case on May 27, 2025, by petitioning for relief under Chapter 7 of the Bankruptcy Code.

6. The Debtor scheduled a pre-petition debt owed to the Creditor on her Schedule E/F as a general unsecured claim in the amount of $50,062.51. ECF No. 1.

7. The Debtor properly listed the Creditor on the mailing matrix.

8. The Bankruptcy Noticing Center served the Creditor with notice of the bankruptcy on May 30, 2025. ECF No. 8.

9. The Creditor attempted to collect the pre-petition debt six times by sending invoices to the Debtor on June 5, 2025; June 19, 2025; July 4, 2025; July 19, 2025; August 3, 2025; and August 18, 2025.

10. On August 24, 2025, the Creditor filed a motion in the Debtor's main bankruptcy case objecting to her discharge (the "Frivolous Motion"). ECF No. 15.

11. The Frivolous Motion is procedurally deficient in three major respects:

*First*, although it recites the text of Section 727(a)(4) and (6), it does not expressly allege that the Debtor violated those or any other sections of the Bankruptcy Code.

*Second*, an objection to discharge under Section 727(a)(4) or (6) must be brought as an adversary complaint, not as a motion in the main bankruptcy case. Fed. R. Bankr. P. 4004(a)(1).

*Third*, even if it was an adversary complaint, it fails to plead the circumstances constituting fraud under Section 727(a)(4) with the particularity required by Fed. R. Civ. P. 9(b) (incorporated by Fed. R. Bankr. P. 7009).

12. The Frivolous Motion presents as an unhinged diatribe rather than a coherent legal pleading, suggesting that its purpose is to air grievances, not to pursue legal relief.

### GROUNDS FOR RELIEF

13. The Creditor violated Fed. R. Bankr. P. 9011 by signing the Frivolous Motion and filing it with the Court.

14. The Frivolous Motion violates Rule 9011 because:

    a. it is presented for the improper purpose of harassing the Debtor and needlessly increasing litigation costs;

    b. the claims and legal contentions in Paragraphs 29 through 36 are not warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law; and

    c. the allegations and factual contentions in Paragraphs 29 through 36 lack relevant evidentiary support and are not likely to have relevant evidentiary support after a reasonable opportunity for further investigation or discovery.

15. The Creditor violated 11 U.S.C. § 362(a)(6) each time that it intentionally sent invoices to the Debtor with knowledge of the bankruptcy.

16. The Creditor's collection activity caused the Debtor to incur damages, including, but not limited to, emotional distress, anxiety, embarrassment, sleeplessness, and attorney's fees.

17. All of the above misconduct constitutes civil contempt under 11 U.S.C. § 105(a).

### RELIEF REQUESTED

**NOW, THEREFORE**, the Debtor requests that the Court:

A. hold the Creditor in contempt of court under Section 105(a);

B. strike the Frivolous Motion from the record;

C. impose monetary sanctions against the Creditor under Rule 9011(c)(4)(A) in an amount sufficient to deter repetition of the misconduct and deter comparable misconduct by others similarly situated;

D. award the Debtor actual damages and reasonable attorney's fees against the Creditor under Section 362(k);

E.      award the Debtor punitive damages against the Creditor under 11 U.S.C. § 362(k) in an amount sufficient to deter similar future misconduct and deter comparable misconduct by others similarly situated; and

F.      grant other and further relief in the Debtor's favor if necessary and proper under the law.

Date: August 29, 2025                 **SADEK LAW OFFICES LLC**
*Attorney for Debtor*

By: /s/ Michael I. Assad
      Michael I. Assad (#330937)
      1500 JFK Blvd., Suite 220
      Philadelphia, PA 19102
      215-545-0008
      michael@sadeklaw.com